ROBERT COMBS, Plaintiff-Appellant, v. INSURANCE COMPANY OF ILLINOIS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—2237

Opinion filed August 22, 1986.

Law Office of Patrick S. Moore, Ltd., of Chicago (Patrick S. Moore, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (Mayer Goldberg, James T. Ferrini, Frank L. Schneider, Lisa Marco Kouba, and Paul D. Sheldon, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

An action was brought by plaintiff against his insurer and its adjuster to recover proceeds allegedly due under a homeowners insurance policy. The three-count complaint charged defendants with breach of contract and violation of section 155 of the Illinois Insurance Code; wilful violation of section 155; and intentional infliction of emotional distress. Besides requesting payment of the monies allegedly due under the policy and the remedies provided under section 155, plaintiff sought to recover punitive damages for unfair claims

practices and vexatious delay and $150,000 as damages for emotional distress. Defendants moved to dismiss the counts for wilful violation of section 155 (count II) and intentional infliction of emotional distress (count III) on the ground that plaintiff's entire remedy was limited and preempted by section 155. Defendants also argued in their motion that count III, even as amended, was insufficient to state a cause of action under *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765. After conducting a hearing on defendant's motion to reconsider, the trial court dismissed counts II and III of the complaint and further held that section 155 was plaintiff's exclusive remedy for extracontractual damages. On appeal, plaintiff contends that the trial court erred in dismissing counts II and III of his amended complaint and in ruling that section 155 of the Insurance Code preempted an action for intentional infliction of emotional distress and for punitive damages. Plaintiff additionally argues that public policy favors the imposition of liability against insurance carriers who engage in outrageous, unethical and unfair practices in the adjustment of claims.

We affirm.

Plaintiff's home was insured by defendant insurance company, Insurance Company of Illinois (hereinafter ICI), under a homeowners' policy. Coverage under this policy included any living expenses incurred during the time required to repair the residence. On January 16, 1979, while said policy was in effect, plaintiff's residence was damaged by the severe winter weather, causing water to accumulate and part of the roof to collapse. After being informed of the damage, ICI retained the services of defendant Ronald Rozak, a principal in the adjusting firm of R. S. Rozak & Company, to assist in the adjusting of losses. A dispute soon arose between the parties as to the monies due under the policy, and plaintiff filed suit.

The original two-count complaint stated as relief actual and punitive damages for alleged breach of contract and violation of section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 767). An amended complaint was subsequently filed by plaintiff after the court, on defendants' motion, struck count I for pleading deficiencies, and dismissed count II for exceeding the remedies provided by the aforementioned section. Amended count I, still sounding in breach of contract, this time claimed that ICI vexatiously withheld the monies due plaintiff under the policy. Amended count II, again brought pursuant to section 155, added Ronald S. Rozak individually as a defendant. Moreover, this wilful violation count specifically claimed that defendants (a) asserted noncoverage of certain items claimed by plaintiff; (b) offered to settle the claim for a lesser amount than that

sought by plaintiff; and (c) requested that plaintiff undertake certain repairs at his own expense. Punitive damages continued to be included as part of plaintiff's relief in both counts.

In their motion to strike and dismiss counts I and II, respectively, of the amended complaint, defendants argued that punitive damages are not only nonrecoverable in an action for breach of contract, but also are preempted by statutory remedies. Agreeing with defendants, the trial court struck the claim for punitive damages in count I and dismissed count II with leave to amend.

Plaintiff thereafter filed his second amended two-count complaint. Count I was amended to reflect a partial settlement reached by the parties which resulted in a reduction of plaintiff's claim. It also included a request for attorney fees in accordance with the provisions of section 155. Count II remained essentially the same with the exception that exhibits were attached to it and the requested relief included attorney fees and punitive damages.

At the same time that defendants filed an answer to count I of the second amended complaint, they moved to dismiss count II for both failing to state a cause of action and seeking damages preempted by section 155. Following a denial of their motion, defendants proceeded to file an answer to count II denying any wrongful conduct and opposing plaintiff's claim for punitive damages.

Plaintiff next filed an amendment to the second amended complaint to include a count for intentional infliction of emotional distress. This count was added when plaintiff sustained a second loss occasioned by a fire in his home. As a result of rendering the structure uninhabitable for a period of time, plaintiff was forced to reside in a motel while the house was being repaired. Disputes with defendant insurance company arose regarding payment of these living expenses. After some negotiations between the parties, said living expenses were tendered. However, because of the delay in payment, plaintiff's financial condition allegedly deteriorated, causing him to experience great mental anguish and stress. As with plaintiff's prior counts, the count for intentional infliction of emotional distress included a request for punitive damages.

Defendants moved to dismiss count III on the basis of insufficiency. They additionally argued that punitive damages under the stated cause of action were not recoverable and that, in any event, plaintiff's remedy was limited and preempted by section 155. Defendants subsequently amended their motion to seek to dismiss both counts II and III of the complaint. The motion was denied and defendants moved to have their motion reconsidered.

Instead of filing a response to defendants' motion, plaintiff elected to obtain leave to amend count III. As amended, count III omitted the prior claim for punitive damages. After conducting a hearing on the matter, the trial court dismissed counts II and III of the complaint, finding that the causes of action set forth in those counts were preempted by section 155 of the Insurance Code.

OPINION

■ The question of whether punitive damages in tort are available as remedy to an insured for a wilful refusal by an insurance company to pay under a contract is not a novel one. A review of Illinois decisions reveals that the appellate court has been presented with that question on numerous occasions. In each of these instances, we have uniformly and consistently held that malicious conduct by an insurer in breaching a contract may not give rise to an independent wilful tort and the recovery of punitive damages. *Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, 458 N.E.2d 79; *Tobolt v. Allstate Insurance Co.* (1979), 75 Ill. App. 3d 57, 393 N.E.2d 1171; *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 371 N.E.2d 373; *Urfer v. Country Mutual Insurance Co.* (1978), 60 Ill. App. 3d 469, 376 N.E.2d 1073.

■ The basis for our refusal to award punitive damages for breach of good faith and fair dealing lies in the statutory provisions of section 155 of the Illinois Insurance Code. (Ill. Rev. Stat. 1977, ch. 73, par. 767.) Enacted by the State legislature to assist policyholders as against an insurer's unreasonable and vexatious conduct, this section provides in pertinent part:

> "In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $5,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement

of the claim prior to the action."

Having thus provided an adequate remedy to insureds, the legislature, by virtue of enacting section 155, has preempted the field. We therefore have found it unnecessary to allow by judicial decree additional recovery on a contract beyond the aforementioned statutory proscriptions. As the court in *Debolt* pointed out:

> "[T]he legislature has intended to provide a remedy to an insured who encounters unnecessary difficulties with an unreasonable and vexatious insurance company. The insured can maintain an action on the contract for recovery of withheld policy benefits and upon proper finding by the court can be awarded attorney fees in addition to all other costs. Where the legislature has provided a remedy on a subject matter we are not only loath but in addition harbor serious doubts as to the desirability and wisdom of implementing or expanding the legislative remedy by judicial decree." *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 116, 371 N.E.2d 373, 377.

While it appears that plaintiff recognizes the overwhelming weight of authority barring the recovery of punitive damages, he nonetheless still argues that his amended complaint states a cause of action within the principles stated in *Kelly v. Stratton* (N.D. Ill. 1982), 552 F. Supp. 641, and *Roberts v. Western-Southern Life Insurance Co.* (N.D. Ill. 1983), 568 F. Supp. 536. However, these decisions have been rejected by this court (see *Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, 458 N.E.2d 79) as well as by other Federal courts (see *Evaluation Systems, Inc. v. Aetna Life Insurance Co.* (N.D. Ill. 1982), 555 F. Supp. 116; *Abbott Laboratories v. Granite State Insurance Co.* (N.D. Ill. 1983), 573 F. Supp. 193; *Smith v. Metropolitan Life Insurance Co.* (N.D. Ill. 1982), 550 F. Supp. 896). In any event, even if we had not specifically held the rulings in these cases to be legally incorrect, decisions by the Federal courts, other than the United States Supreme Court, as to the law of Illinois are not binding on State courts. *Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, 458 N.E.2d 79.

We further stress that this is not a case where the legislature has refused to enact a regulation to control the abuses of the insurance industry. The subject statute, as originally enacted in 1975, allowed an aggrieved insured to recover a prescribed amount of attorney fees in addition to recovery of proceeds under the policy. In 1977, the legislature deemed it necessary to expand plaintiff's relief to include all reasonable attorney fees, other costs, an additional sum amounting to a penalty, as well as recovery of the proceeds under the policy. The Illi-

nois legislature, by virtue of these enactments, has clearly manifested its intent to keep this matter within its power and control. Plaintiff cannot surely quarrel with the fact that the subject provision does attempt to protect him from the harm resulting from the misconduct of his insurer. Whether the Act in its present form sufficiently grants him relief from such unreasonable and vexatious conduct as that alleged in his amended complaint is not, however, for us to decide. As the court in *Debolt* aptly noted:

> "It may well be that the statutory remedy should provide greater relief but we hold that to be a matter of legislative determination." *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 117, 371 N.E.2d 373, 378.

We thus reiterate our recent pronouncement in *Trautman v. Knights of Columbus* (1984), 121 Ill. App. 3d 911, 915, 460 N.E.2d 350, 353:

> "[S]ection 155 of the Illinois Insurance Code *** preempts the filing of a common law action for breach of an implied covenant of good faith and fair dealing, and limits damages to that amount stated in the pertinent provisions of the Code."

We next direct our attention to whether the trial court erred in dismissing count III of plaintiff's amended complaint, which sought damages for the alleged intentional infliction of emotional distress.

■ In examining the complaint of the plaintiff in the instant case we find that count III, as amended, essentially pleads as follows:

—that defendants had a duty to deal fairly with plaintiff;

—that the two losses to plaintiff's home (one caused by the winter weather and the other by fire) forced him to find temporary housing and to incur such expenses as to lead him to impoverishment;

—that such condition was made known to defendants;

—that plaintiff's claims were improperly adjusted;

—that defendant refused to pay for certain items upon which coverage was disputed and offered to pay an amount less than that which plaintiff claimed;

—that when told of plaintiff's impoverished condition, an agent of defendant purportedly made a statement to the effect that plaintiff was now in a situation that would force him to accept whatever they offered; and

—that defendants delayed in paying an undisputed amount thereby requiring plaintiff to undertake a loan.

Stripped of its legal conclusions, plaintiff's amended count III clearly frames the allegations in terms of a breach of a duty of good faith. As

such, the basis of the allegations remains grounded in unreasonable and vexatious refusal or delay in paying the insurance proceeds. The conduct alleged in count III is therefore the same as that governed by section 155. Having already established that *any* count alleging nothing more than the conduct proscribed by section 155 is preempted by the statute, we must conclude that the trial court properly dismissed count III of plaintiff's amended complaint.

■ We further note that count III failed to substantively state a cause of action for intentional infliction of emotional distress under the standard set forth by the Illinois Supreme Court in *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765. That standard requires that there be (1) extreme and outrageous conduct, (2) intent by the defendant to cause, or a reckless disregard of the probability of causing emotional distress, (3) severe or extreme emotional distress suffered by the plaintiff, and (4) an actual and proximate causation of emotional distress by the defendant's outrageous conduct. *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 371 N.E.2d 373.

■ Plaintiff in the instant case has failed to allege specific facts which would be interpreted as outrageous conduct on the part of the defendants or which would substantiate the allegation that he suffered severe or extreme emotional distress. The specific facts pleaded by plaintiff parallel those stated in *Tobolt v. Allstate Insurance Co.* (1979), 75 Ill. App. 3d 57, 393 N.E.2d 1171. In that case, plaintiffs' home also suffered a loss for which they later sought recovery under a homeowner's policy. Included in their count alleging intentional infliction of emotional distress were assertions of refusal or delay by defendant insurance company in paying the proceeds owed under its policy. There were also allegations that defendant's failure to meet its obligations under the insurance contract caused plaintiffs to become impoverished and to suffer severe emotional and physical distress. These allegations, however, were deemed by this court to fall far short of the pleading requirements espoused in *Public Finance Corp.* Given the similarities between the allegations in *Tobolt* and those made by plaintiff in the instant case, we see no reason to reach a different conclusion here. Furthermore, the one statement made by defendant to the effect that plaintiff was now in a situation that would force him to accept whatever they offered simply amounts to one isolated instance of outrageous conduct, which, as the court in *Public Finance Corp.* aptly noted, is not sufficient to sustain a cause of action for intentional infliction of emotional distress. The foregoing further leads us to conclude that count III was properly dismissed by the trial court.

965

The judgment of the circuit court dismissing counts II and III of plaintiff's second amended complaint is hereby affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.