VENISE J. MIJATOVICH *et al.*, Plaintiffs-Appellants, v. COLUMBIA SAVINGS & LOAN ASSOCIATION and LAND OF LINCOLN SAVINGS & LOAN ASSOCIATION, Indiv. and d/b/a Columbia Savings & Loan Association and the Land of Lincoln Federal Savings & Loan Association, Defendant-Appellee.

First District (3rd Division)   No. 87—2583

Opinion filed March 23, 1988.

Joseph J. Kozlowski & Associates, of Willow Springs, for appellants.

Gomberg & Sharfman, Ltd., of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs Venise and Zoran Mijatovich filed suit against defendant, individually and doing business as the Columbia Savings and Loan Association and the Lincoln Federal Savings and Loan Association (all one entity), for the allegedly wrongful removal of $500 from plaintiffs' bank account. The trial court struck count II, which sought punitive damages, of the third amended complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). Plaintiffs appeal from that order. After a trial without a jury, the trial court entered judgment for plaintiffs on count I and awarded $500 as compensatory damages, plus $253 interest.

The third amended complaint alleges that on April 15, 1978, plaintiffs opened a savings account with defendant and defendant therefore owed plaintiffs a fiduciary duty. On February 6, 1979, plaintiffs' account contained $1,355.90. On that day, defendant breached its fiduciary duty by "wrongfully taking, converting and disposing of [$500 from plaintiffs' account] to its own use without any justifiable cause." On February 9, 1979, plaintiffs demanded the return of the money, but defendant refused.

Count II alleges that defendant "wantonly, oppressively and with a reckless disregard for the rights of the plaintiffs, wrongfully took monies"; that defendant "maliciously took the money" without any cause "with the willful and wanton" disregard of its fiduciary duty;

that defendant "acted with a wanton, willful and reckless disregard of" plaintiffs' rights when it "oppressively and maliciously took the money" and refused to return it; that defendant "acted oppressively, maliciously, willfully and wantonly with a reckless disregard for the rights" of plaintiffs; and that defendant was conscious of its "wrongdoing *** [and] maliciously took the money belonging to plaintiffs." Count II alleges further that as a matter of public policy defendant "should be punished for such wrongful act and breach of its fiduciary duties in that such action of defendant is contrary to the public policy of the State of Illinois and such punishment will act as a deterrent in the future." Plaintiffs sought $500 as compensatory damages, and $200,500 as exemplary damages.

At trial on count I, the only witness was plaintiff Venise Mijatovich. According to a bystander's report, Venise testified that on December 2, 1978, she and her husband cashed his $350.85 paycheck in defendant's drive-through facility. On February 9, 1979, plaintiffs received a "temporary receipt" form from defendant, indicating that $500 was being taken from their account. "On temporary receipt your account has been charged the above amount for returned check. The reason is the check amount is $350.85 and you were given $850.85." Later that day plaintiffs met with defendant's representatives, who told plaintiffs that they had been given an extra $500 when they cashed the paycheck. Defendant offered no evidence.

On May 27, 1987, the trial court entered judgment in favor of plaintiffs on count I, for $500 plus $253 in past-due interest.

On June 25, 1987, plaintiffs filed a post-trial motion to modify the May 27, 1987, order by increasing the judgment with $200,000 in punitive damages on count I. Plaintiffs asserted that the dismissal of count II did not preclude an award of punitive damages on count I.

On July 17, 1987, the post-trial motion was "denied, a punitive damages count not being before this court." Plaintiffs appeal from the trial court order dated March 27, 1987, striking and dismissing count II, and the order denying a motion to reconsider that order, and the July 17, 1987, order denying the post-trial motion to modify count I to add punitive damages.

■ Plaintiffs contend that as a matter of law the allegations in count II justify the imposition of punitive damages. Punitive damages are generally not recoverable for breach of contract except when the conduct causing the breach is also a tort for which punitive damages are recoverable and there are proper allegations of malice, wantonness or oppression. (*Morrow v. L. A. Goldschmidt Association, Inc.* (1986), 112 Ill. 2d 87, 492 N.E.2d 181.) A mere characterization of a

breach of contract as "willful and wanton" cannot change a suit for recovery for harm to a contract-like interest into a tort action. A breach of contract does not become a tort simply because the breach was willful and wanton. *Morrow v. L. A. Goldschmidt Association, Inc.* (1986), 112 Ill. 2d 87, 492 N.E.2d 181.

■ Here, the relationship of the parties was that of a creditor and debtor, and no fiduciary duty exists. (*Paskas v. Illini Federal Savings & Loan Association* (1982), 109 Ill. App. 3d 24, 440 N.E.2d 194; *Mid-City National Bank v. Mar Building Corp.* (1975), 33 Ill. App. 3d 1083, 339 N.E.2d 497.) The complaint alleges nothing beyond the facts necessary to show the defendant debtor breached its contract by not returning the money. Stripped of terms such as "willful and wanton," the only facts alleged in count II are that defendant took the money and refused to return it. These facts support only a compensatory damages award under the breach of contract action and do not support exemplary damages. The mere addition of phrases such as "willful and wanton," or similar terms, is not sufficient to allege reckless conduct necessary to support the allowance of punitive damages. (*Wait v. First Midwest Bank* (1986), 142 Ill. App. 3d 703, 491 N.E.2d 795.) Even an allegation that a bank acted in bad faith in breaching an agreement with its customer is not sufficient to give rise to a punitive damages claim. (*Carrico v. Delp* (1986), 141 Ill. App. 3d 684, 490 N.E.2d 972.) Moreover, the complaint here fails to allege any damages beyond the compensation awarded. See *Franks v. North Shore Farms, Inc.* (1969), 115 Ill. App. 2d 57, 253 N.E.2d 45.

■ The complaint also fails to allege conversion, which requires more than mere obligation to pay money. (*In re Thebus* (1985), 108 Ill. 2d 255, 483 N.E.2d 1258.) The funds defendant held represented only a general debt of the debtor to the creditor.

Plaintiffs argue that the dismissal of count II in the first and second amended complaints was not final and appealable. This issue is not before us on appeal. (107 Ill. 2d R. 304(a).) Furthermore, by choosing to file further amendments, plaintiffs abandoned the earlier complaint and waived any objection to an order sustaining a motion to strike that complaint. *Knightsbridge Realty Partners, Ltd.-75 v. Pace* (1981), 101 Ill. App. 3d 49, 427 N.E.2d 815.

■ Plaintiffs contend further that the trial court erred in its May 27, 1987, order in denying plaintiffs' post-trial motion to modify the judgment by adding punitive damages. As we have stated, the complaint alleges no facts to support a punitive damages award. The complaint here recites facts supporting a breach of contract, but the

absence of other factual allegations precludes any award of punitive damages.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and FREEMAN, JJ., concur.