**Kenneth E. HULTZ, d/b/a Hultz Standard Service, Plaintiff–Counterdefendant,**

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Defendant– Counterplaintiff.**

**No. 91–3353.**

United States District Court, C.D. Illinois, Springfield Division.

March 11, 1993.

Stanley L. Morris, Long Morris Myers & Rabin PC, Springfield, IL, for plaintiff.

Katherine S. Dedrick, Hinshaw & Culbertson, Chicago, IL, for defendant.

ORDER

RICHARD MILLS, District Judge:

This cause is before the Court on the recommendation of United States Magistrate Judge Charles H. Evans to dismiss Count II of Plaintiff's amended complaint. 28 U.S.C. § 636(b)(1).

Section 636 allows any party to appeal from or object to a magistrate's recommendation "[w]ithin 10 days after being served with a copy."

The Magistrate entered his recommendation on January 14, 1993. No objections or modifications have been filed since that time. Therefore, without objection to and upon consideration of the Magistrate's findings and conclusions, the Court adopts *in toto* the reasoning of the recommendation. *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir.1986) (failure to file objections with the district judge constitutes a waiver of all factual and legal issues).

*Ergo,* Defendant's motion to dismiss Count II of Plaintiff's amended complaint (d/e 32) is ALLOWED WITH PREJUDICE.

EVANS, United States Magistrate Judge.

## RECOMMENDATION

This recommendation is being submitted pursuant to Rule 1.4, (A)(7) of the Rules of the United States District Court for the Central District of Illinois.

### *Procedural Posture*

Plaintiff Kenneth E. Hultz, d/b/a Hultz Standard Service ("Hultz") filed a three-count complaint against Federated Mutual Insurance Company ("Federated") seeking, in part, insurance coverage. Count II in Hultz's initial complaint alleged Federated's refusal to cover its claim is vexatious and unreasonable under Ill.Rev.Stat. Ch. 73 § 767 and Hultz sought remedies afforded by both common law and statutory law under section 767. Federated moved to dismiss with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) arguing, in part, that Count II failed to state a claim as Ill.Rev.Stat. Ch. 73 § 767 preempts such common law actions. Federated's motion was allowed and Hultz was given leave to amend Count II.

Hultz's amended Count II, contained in its First Amended Complaint, alleges that Federated owed Hultz a duty of good faith in resolving its claim and that Federated breached its duty in the following respects:

"By failing to sufficiently investigate Hultz' claim to determined [sic] that contamination was not caused by a leak of kerosene tank.

By failing to determine that Hultz' claim was properly made to its agent, thus causing a delay of resolution of the claim."

Hultz seeks compensatory damages for this cause of action.

Federated again moved to dismiss Count II with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) based on its position that Ill.Rev. Stat. Ch. 73, § 767 preempts such common law claims for breach of the duty of good faith. This Motion to Dismiss (d/e 32) is pending before the Court for determination.

### *Analysis*

Ill.Rev.Stat. Ch. 73, § 767 provides:

"Attorney fees. (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $25,000...."

It is Federated's position, and this Court agrees, that the controlling case law has determined that section 767 does preempt common law claims for compensatory damages, such as those sought by Hultz against Federated in Count II of the First Amended Complaint.

In 1988, the Seventh Circuit decided *Kush v. American States Ins. Co.*, 853 F.2d 1380 (1988) wherein the court affirmed dismissal with prejudice of the plaintiff's cause of action seeking compensatory damages based on conduct proscribed by section 767. The court noted that several Illinois appellate courts have found that section 767 preempts claims based on the implied duty of good faith and fair dealing. *Kush* held that the Illinois legislature, via section 767, preempted the field:

"Section 155 [767] may not be perfect. It strikes a balance between the individual insured party's need for compensation and the broad societal interest in avoiding excessive damage awards that result in price increases to all policyholders, perhaps making some insurance prohibitively expensive for the average consumer. Kush may wish the balance struck another way, but he should address that argument to the legislature." *Id.* at 1386.

Thereafter, in 1990, Judge Mihm of the Central District decided *York v. Globe Life & Accident Ins. Co.*, 734 F.Supp. 340 (C.D.Ill. 1990) holding that section 767 preempts common law actions alleging breach of the duty of good faith. There, the plaintiff sought both compensatory and punitive damages against its insurer alleging the insurer breached its duty to deal in good faith in the handling of plaintiff's claims.

In ruling in favor of the insurer and finding that section 767 preempts such claims, the *York* court noted that it is bound by the Seventh Circuit's interpretation of Illinois law in *Kush. Id.* at 343. The *York* court found *Kush* persuasive as precedent as *Kush* considered *Combs v. Insurance Co. of Illinois*, 146 Ill.App.3d 957, 100 Ill.Dec. 525, 497 N.E.2d 503 (1st Dist.1986), which traced the history of section 767 and determined that the legislature had, "clearly manifested its intent to preempt any action which alleged nothing more than conduct prescribed by section [767]." *Id.* at 345. Moreover, *York* agreed with the Seventh Circuit's policy analysis in *Kush* that the Illinois legislature made a determination to balance an individual's need for compensation and the broad societal interest in avoiding excessive awards which would result in price increases to all policyholders making insurance prohibitive, due to cost, to the consumer, *Id.* at 345.

In response to these decisions, Plaintiff Hultz argues that because some Illinois appellate court districts have ruled that section 767 does not preempt compensatory damages, while other districts of the Illinois appellate court have ruled such damages and claims are preempted, the Central District is bound to follow the law of the Fourth District; the Illinois appellate court district in

which it sits. Plaintiff Hultz cites to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) to support his argument. Moreover, Plaintiff Hultz argues that since *Kush*, Judge Rovner in *W.E. O'Neil Constr. Co. v. National Union Fire Ins. Co. of Pittsburgh*, 721 F.Supp. 984 (N.D.Ill.1989), did not follow *Kush* and thus this Court need not follow *Kush* or *York*.

Plaintiff Hultz's arguments, however, are not well supported by the law. For example, approximately seven months after *York*, Judge Mihm issued *Regent Ins. Co. v. Economy Preferred Ins. Co.*, 749 F.Supp. 191 (C.D.Ill.1990), which, although it does not address the preemptive effect of section 767, expressly confirms that the Central District is not bound to follow the law of the appellate district in which it sits, but rather, must follow the law as pronounced by the Seventh Circuit. Judge Mihm stated:

"[One of the parties] asserts that a federal trial court in a diversity case is bound to follow the decisions of the appellate court in its own district when the appellate courts diverge.

    *     *     *     *     *     *

[T]his Court has found no support for that proposition in Seventh Circuit law, and the *Zakarian [v. Prudential Insurance Company of America*, 652 F.Supp. 1126 (N.D.Ill.1987) ] court does not cite any Seventh Circuit authority for this proposition. . . . The cases cited in footnote 19 of the *Zakarian* opinion . . . do not cite Seventh Circuit authority for the rigid approach requiring a district court to follow the appellate court in its own district when the state appellate courts diverge." *Id.* at 193.

Accordingly, Judge Mihm concluded:

"[T]his Court will predict how it believes the Illinois Supreme Court would rule on this issue with due consideration to the relevant Illinois Appellate Court decisions." *Id.* at 194.

    ■ Thus, Judge Mihm, a sitting Judge in the Central District, has unequivocally found that when faced with an issue eliciting a split of authority among the Illinois appellate courts, the Court is not bound to follow the

law of the Illinois appellate court district in which it sits. Instead, the Court must predict the manner in which the Illinois Supreme Court would rule or follow the Seventh Circuit if it has already made this prediction.

On the issue before this Court, the Seventh Circuit in *Kush* has already found that claims for breach of the duty of good faith are preempted by section 767. Thus, as a matter of precedent, this Court is bound to follow the Seventh Circuit's prediction of what the Illinois Supreme Court would decide. This is solidified by Judge Mihm's ruling in *York* wherein Judge Mihm stated:

> "[T]his Court is bound by the Seventh Circuit's interpretation of Illinois law." *Id.* at 343.

Moreover, in 1992, the Northern District of Illinois in *Bageanis v. American Bankers Life Assur. Co. of Florida*, 783 F.Supp. 1141 (N.D.Ill.1992) noted that even though it might disagree with the *Kush* opinion, it had no choice but to follow the Seventh Circuit decision on the exact issue before this Court and stated:

> "We disagree with the *W.E. O'Neil* court [wherein Judge Rovner found that she was not bound by the Seventh Circuit decision on this issue], believe Judge Moran's reasoning in *Barr II* to be persuasive, and accordingly find *Kush* controlling. Although we are still inclined to agree with the reasoning expressed in *UNR Indus* [v. *Continental Insurance Company*, 607 F.Supp. 855 (N.D.Ill.1984) ] .... and *Barr I* ... it is inescapable that *Kush* is directly on point. That being so, we are not at liberty to question or disagree with the Seventh Circuit's decision. Only that court, the United States or Illinois Supreme Court or the Illinois legislature may properly do so under these circumstances. We, therefore, conclude that we are compelled to follow *Kush*." *Id.* at 1149.

Similarly, the court in *Barr II* (*Barr Co. v. Safeco Ins. Co. of America*, 706 F.Supp. 616

(N.D.Ill.1989)) noted the *Kush* was "squarely on point" and stated,

> "[Federal District Courts] are bound to follow Seventh Circuit pronouncements of law, including [the] prediction of what the Illinois Supreme Court would rule." *Id.* at 618 [1]

Recently, in November of 1992, two other District Court opinions have been issued each ruling that Section 767 preempts common law claims for compensatory damages and each acknowledging that they are bound to follow *Kush*. *Beverly Bancorporation, Inc. v. Continental Ins. Co.*, No. 92 C 4823, 1992 WL 345420 (N.D.Ill. Nov. 17, 1992); *Capitol Indemnity Corp. v. Tranel Developments, Inc.*, 92 C 20234, 1992 WL 332296 (N.D.Ill. Nov. 4, 1992).

Thus, the Seventh Circuit has decided the issue presently before the Court. Judge Mihm in *York* has adopted the Seventh Circuit decision on the exact issue pending before this Court. Moreover, he recognized, via *York* and the *Regent* decision, that he was bound to follow the law of the Seventh Circuit and that he was not required to follow the state appellate court for the district in which it sits, to the extent it deviates from the Seventh Circuit pronouncement of what the Illinois Supreme Court would do.

Moreover, even if Plaintiff Hultz's argument that this Court is bound to follow the law of the Illinois appellate court district in which it sits was correct, Plaintiff Hultz bases his argument on a 1981 decision entitled *Lynch v. Mid–America Fire and Marine Ins. Co.*, 94 Ill.App.3d 21, 49 Ill.Dec. 567, 418 N.E.2d 421 (4th Dist.1981), (cf. Judge Mills' concurring opinion in *Urfer v. Country Mut. Ins. Co.*, 60 Ill.App.3d 469, 17 Ill.Dec. 744, 376 N.E.2d 1073 (4th Dist.1978)). *Lynch*, however, only construed section 767 as it existed before its 1977 amendment. In fact, the *Lynch* court expressly stated "[w]e express no opinion as to whether the present section [767] preempts the field." *Lynch*, 94 Ill.App.3d at 26, 49 Ill.Dec. at 571 and 572,

---

1. Prior to the *Kush* ruling, Judge Moran in *Barr I* held that section 767 only preempts claims for punitive damages. *Barr Co. v. Safeco Ins. Co. of America*, 583 F.Supp. 248 (N.D.Ill.1984) (*"Barr I"*). Subsequent to *Kush*, however, Judge Moran

in *Barr II* reversed his position finding he was bound by *Kush* and held that section 767 preempts both punitive and compensatory damages.

418 N.E.2d at 425 and 426. The *Lynch* opinion went so far as to even use the amended statute to support its decision that the pre-amended statute did not preempt certain claims. 94 Ill.App.3d at 26, 49 Ill. Dec. at 571, 418 N.E.2d at 425. In the case at bar, the issue is whether the post–1977 amended statute preempts claims. Accordingly, *Lynch* does not even address the statutory language at issue.

### ORDER

Accordingly, for the aforementioned reasons, it is recommended that Federated Mutual Insurance Company's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (d/e 32) be granted with prejudice.

The parties are advised that any objection to this RECOMMENDATION must be filed in writing with the Clerk of this Court within ten (10) working days after service of this RECOMMENDATION. *See,* 28 U.S.C., Section 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir.1986).

Enter this 11th day of January, 1993.