JANET TRAUTMAN, Indiv. and as Adm'r of the Estate of John Stefanovich, Deceased, Plaintiff-Appellant, *v.* KNIGHTS OF COLUMBUS *et al.,* Defendants-Appellees.

First District (5th Division)    No. 83—326

Opinion filed February 3, 1984.

William S. Keck, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Erwin I. Katz and David S. Krischer, both of Hoffman & Davis, of Chicago, for appellees.

JUSTICE WILSON delivered the opinion of the court:

Plaintiff sued defendants in a three-count second amended complaint for breach of an insurance contract (count I), for the independent, wilful tort of fraud (count II), and for intentional infliction of emotional distress (count III). In response to defendants' motion to strike and dismiss counts II and III for failure to state a cause of action, the trial court dismissed count II with prejudice and allowed plaintiff 28 days within which to amend count III. Plaintiff voluntarily withdrew count III and appealed the dismissal of count II. For the reasons stated below, we affirm the judgment of the trial court.

Plaintiff's pleadings set forth the following pertinent facts. On January 23, 1980, John Stefanovich (the insured) executed an application for a $50,000 life insurance policy with defendant Knights of Columbus (K of C), an insurance company. At the time of execution, the insured informed defendant William Witkowski (the agent), acting on behalf of K of C, that he had been ill and was under medical care for illness of the liver. Despite insured's disclosure of his medical history, the agent assured him that the policy would be effective immediately and accepted insured's payment on the first quarterly premium. However, the insured never received a copy of the policy. Upon inquiry as to why he had not received it, he was assured that the policy was in full force and effect and that he would be receiving a copy with the

second quarterly premium notice. On April 22, 1980, the insured died. Prior to his death, no notice of rating, cancellation or further request for a physical exam was sent to either insured or to plaintiff. Approximately one week after insured's death, plaintiff's brother contacted the agent for information as to the procedure for plaintiff's collection of the policy proceeds. At that time, the agent informed plaintiff's brother that the insurance policy was not in effect.

Shortly thereafter, the agent wrote plaintiff a note, dated May 6, 1980, within which he explained that because deceased had refused to take certain medical tests, the policy had been cancelled. With the note, the agent returned the first premium payment and enclosed a form entitled "Amendment to Application to Knights of Columbus," dated April 14, 1980, signed by insured, which stated that because insured had been unwilling to take a liver function test, he had requested cancellation of the policy and a refund of the premium.

As a result of K of C's refusal to pay on the policy, plaintiff filed suit alleging breach of contract and fraud for which she sought $50,000 in compensatory damages and $2,000,000 in punitive damages. With respect to the cause of action for fraud, plaintiff alleged that neither insured nor anyone acting in his behalf signed the amendment. Rather, upon learning of insured's death, defendants prepared the forged amendment "with the intent to deceive the plaintiff and to deprive the plaintiff of the proceeds of the policy of insurance applied for," and that the amendment was "[p]repared with the intent that plaintiff should believe it was a true and correct signature and that she should rely and act thereon and be deceived and defrauded thereby into not taking any action to recover the proceeds of the policy." Plaintiff further asserted that at all times the insured was ready, willing and able to take any tests or medical examinations.

The trial court granted defendants' motion to strike plaintiff's complaint on the ground that the elements necessary to allege fraud were not properly pled and allowed plaintiff 28 days within which to file an amended complaint. Thereafter, plaintiff amended her complaint to allege breach of contract in count I and fraud in count II. In response, defendants again moved to strike and dismiss count II of the first amended complaint on the ground that plaintiff failed to allege a separate and distinct tort by which to recover punitive damages. The trial court granted defendants' motion and allowed plaintiff 28 days within which to file a second amended complaint. Subsequently, count II of plaintiff's second amended complaint which alleged an independent wilful tort for fraud was dismissed with prejudice for failure to properly plead the necessary elements to allege

fraud. Plaintiff's appeal followed.

OPINION

It is well-established in Illinois that for a complaint to state a cause of action for fraud, the essential elements of fraud must be pled with specificity, particularity and certainty. (*In re Marriage of Wanic* (1983), 112 Ill. App. 3d 740, 746, 445 N.E.2d 1272.) The elements which must be alleged include: (1) a false representation of material facts as opposed to opinion; (2) made by one who knew or believed the representation to be untrue; (3) made to a party who had a right to rely on the representation and, in fact, did so; (4) made for the purpose of inducing the other party to act, or to refrain from acting; and (5) that led to injury to the person who relied upon it. *Wolford v. Household Finance Corp.* (1982), 105 Ill. App. 3d 1102, 1104, 435 N.E.2d 528.

With the aforesaid principles in mind, we shall examine plaintiff's allegations of fraud as set forth in count II of the second amended complaint. First, plaintiff realleged count I in its entirety. Because count I sets forth a cause of action for breach of contract, the allegations therein are relevant to count II only for their recitation of the sequence of events which precipitated the complaint. In this regard, we note that defendants, by their motion to dismiss, have admitted all well-pled facts and all reasonable inferences which can be drawn therefrom. This, of course, precludes conclusions of law or fact unsupported by allegations of specific facts. (*Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 571-72, 402 N.E.2d 885.) In the present case, the only well-pled facts which count II discloses are that: (1) insured agreed to take all medical tests demanded of K of C; (2) defendants attached an amendment of cancellation to the application which purports to be signed by the insured; (3) subsequent to the insured's death, the agent informed plaintiff that the application for insurance had been declined because of insured's refusal to take a liver function test; (4) plaintiff and insured relied on the validity of the policy; and (5) defendants denied payment of the insurance proceeds to plaintiff. The balance of count II contains a series of conclusions of law and fact which fail to augment the substantive sufficiency of the complaint and, thus are of no persuasive value regarding the issue at bar. *Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 633, 407 N.E.2d 156.

Based upon the aforementioned analysis of count II, we are persuaded that the trial court properly dismissed the count for failure to allege the independent tort of fraud. Specifically, the complaint is

void of any allegation of reliance by plaintiff upon the forged amendment, which, by plaintiff's own admission, constitutes the sole act of fraud. Plaintiff's alleged reliance on the insurance contract does not satisfy the missing element for the simple reason that the contract did not contain the misrepresentation. In order to have pled fraud properly, plaintiff would have had to allege reliance on the forged amendment. (See *Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 634.) However, plaintiff's accusations of forgery and her immediate steps to protect her rights under the contract clearly belie reliance on the amendment. In addition, we find plaintiff's attempts to distinguish between fraud in the inducement and fraud in the performance unpersuasive. Regardless of the point in time at which the fraudulent act occurred, all of the elements of fraud must be pled. (See *Wolford v. Household Finance Corp.* (1982), 105 Ill. App. 3d 1102, 1104, 435 N.E.2d 528.) Illinois law does not provide for substitution of elements; it only provides for alternative causes of action, which plaintiff failed to plead.

Plaintiff further argues that her reliance on the contract's implied covenant of good faith and fair dealing which was subsequently breached by the fraud satisfied the element of reliance. In essence, plaintiff is attempting to extricate the reliance factor from the act of fraud while simultaneously arguing it as an element of the tort of fraud. We find this to be a misapplication of the law. Moreover, pursuant to the recent first district opinion, *Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, section 155 of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1981, ch. 73, par. 767) preempts the filing of a common law action for breach of an implied covenant of good faith and fair dealing, and limits damages to that amount stated in the pertinent provisions of the Code. See *Abbott Laboratories v. Granite State Insurance Co.* (N.D. Ill. 1983), 573 F. Supp. 193.

Finally, our decision that plaintiff failed to allege the requisite elements for an independent tort of fraud obviates the need to discuss the issue of whether a cause of action for exemplary as well as compensatory damages is recognized in Illinois when a breach of contract amounts to an independent wilful tort.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.