PERFECTION CARPET, INC., *et al.*, Plaintiffs-Appellants, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.

First District (3rd Division) No. 1—92—3344

Opinion filed February 23, 1993.

Eric Gibson, of Oak Park, for appellants.

Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa (Michael T. Reagan, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiffs Perfection Carpet, Inc., William Follett and Robert Lederer appeal the dismissal with prejudice of their complaint against defendant State Farm Fire and Casualty Company.

Defendant issued a policy of insurance to the corporate plaintiff (Perfection Carpet) insuring against any losses occasioned by its liability under the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) for injuries incurred by its employees arising in and out of the course of their employment. The individual plaintiffs, Follett and Lederer, each owned 50% of the stock of the

corporation, constituted its officers and members of the board of directors and were the corporation's entire work force.

Plaintiffs filed a common law action based upon contract and tort theories seeking damages for the failure of the corporation's business allegedly caused by the refusal of defendant to settle the workers' compensation claim of Lederer which would have allowed him to have proper medical attention and return to work on behalf of the corporation within a reasonable time of the accident.

We affirm the dismissal of plaintiffs' complaint and find that neither the corporate plaintiff, Perfection Carpet, nor the individual plaintiffs, Follett and Lederer, can state a common law cause of action against defendant insurer State Farm under the facts of this case. Section 155 of the Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 767 (now 215 ILCS 5/155 (West 1992))) preempts any common law cause of action on behalf of Perfection Carpet as the party insured. The individual plaintiffs, Follett and Lederer, have no standing to bring this cause of action either as directors or officers or shareholders or employees.

The complaint declares that Perfection Carpet was in the business of selling and installing floor carpeting. Perfection Carpet was a two-man operation with Follett and Lederer providing all of the labor of the company as carpet installers. At all relevant times, Perfection Carpet was insured by defendant under workers' compensation insurance.

The complaint alleges that Lederer suffered a knee injury while performing his duties as a carpet installer and laborer for Perfection Carpet and that defendant refused to pay Lederer for necessary surgery and medical care. Defendant's refusal to pay benefits and medical expenses caused Lederer to be unable to work as a carpet installer and laborer for approximately six months and Lederer's inability to attend to his duties allegedly caused Perfection Carpet to go out of business.

Count I of the three-count complaint alleges a breach of the insurance contract and states that defendant refused to pay to plaintiff Lederer benefits as required by the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 et seq.), including sums "for necessary surgery and other necessary and reasonable medical care and treatment" and that such refusal to pay was "unreasonable and in bad faith and in complete and total disregard for the welfare of" Perfection Carpet. Plaintiffs seek compensation for the failure of the business (Perfection Carpet), which plaintiffs value at more than $300,000.

Count II of the complaint alleges that defendant, by refusing to

pay Lederer's medical expenses, engaged in a "scheme" to defraud Lederer and such scheme constitutes "wanton, wilful and gross misconduct." Plaintiffs acknowledge that defendant offered an amount less than that to which Lederer believed he was entitled because defendant claimed that Lederer's injury was not related to his employment.

Count III alleges that defendant "owed to the Plaintiffs fiduciary duties of good faith, diligence and due care by virtue of its agreement to provide workers' compensation insurance coverage" and "by failing or refusing to resolve the claim of the Plaintiff, ROBERT LEDERER, *** breached its fiduciary duties to the Plaintiffs." As relief for counts II and III, plaintiffs request compensatory damages and punitive or exemplary damages.

Defendant filed a motion to dismiss plaintiffs' complaint under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1992))) and argued that all three counts failed to state a cause of action.

At the hearing held on defendant's motion to dismiss, the court found that (1) the shareholders (Follett and Lederer) are not proper parties in this action because shareholders cannot represent a corporation (Perfection Carpet) in this type of situation; (2) the corporation does not have a cause of action against the defendant insurance company under these facts because, in short, "the compensation carrier is not a guarantor of the business"; and (3) Lederer, individually, may have a cause of action for improper processing of his claim which he could bring under the provisions of the Workers' Compensation Act. The trial court then dismissed plaintiffs' complaint reasoning that plaintiffs could not state a cause of action under any given set of facts.

On appeal, plaintiffs assert that their complaint stated a cause of action and primarily rely on two cases: *National Surety Corp. v. Fast Motor Service, Inc.* (1991), 213 Ill. App. 3d 500, 572 N.E.2d 1083, and *Salvator v. Admiral Merchants Motor Freight* (1987), 156 Ill. App. 3d 930, 509 N.E.2d 1349.

Defendant asserts that the three counts in plaintiffs' complaint do not state a recognized cause of action and are barred or preempted by statutory remedies available in the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.* (now codified at 820 ILCS 305/1 *et seq.* (West 1992)) and the Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 767 (now 215 ILCS 5/155 (West 1992))). We agree.

A cause of action should be dismissed on the pleadings only if it is clear that no set of facts can be proven under the pleadings which

will entitle the plaintiff to relief. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504, 565 N.E.2d 654; *Disc Jockey Referral Network, Ltd. v. Ameritech Publishing* (1992), 230 Ill. App. 3d 908, 912, 596 N.E.2d 4.) For purposes of a section 2—615 motion to dismiss, a reviewing court must accept as true all well-pleaded facts in the complaint, interpret the allegations in the light most favorable to the plaintiff and determine whether the allegations are sufficient to set forth a cause of action upon which relief may be granted. *Kolegas v. Heftel Broadcasting Corp.* (1992), 154 Ill. 2d 1, 8-9, 607 N.E.2d 201; *Burdinie*, 139 Ill. 2d at 505.

A reviewing court may affirm the dismissal of a complaint on any grounds appearing in the record, regardless of the trial court's reasoning or basis for its decision. *Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 286, 527 N.E.2d 303; *Capitol Indemnity Corp. v. Stewart Smith Intermediaries, Inc.* (1992), 229 Ill. App. 3d 119, 123, 593 N.E.2d 872.

■ First we find that a common law action on behalf of plaintiff Perfection Carpet, the corporate insured, is preempted by section 155 of the Insurance Code, which provides in pertinent part:

"In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow [certain amounts in addition to taxable costs]." Ill. Rev. Stat. 1989, ch. 73, par. 767 (now codified at 215 ILCS 5/155 (West 1992)).

By section 155, the "legislature intended to provide a remedy to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits." (*Richardson v. Illinois Power Co.* (1991), 217 Ill. App. 3d 708, 711, 577 N.E.2d 823 (section 155 applies to an insurer's refusal to defend).) Section 155 preempts a claim by an insured against his insurer for the breach of the duty of good faith and fair dealing, an implied term of a contract of insurance. (*Mazur v. Hunt* (1992), 227 Ill. App. 3d 785, 788, 592 N.E.2d 335.) In *Mazur*, the first district held that, notwithstanding the plaintiff's attempt to characterize one of its counts as a common law fraud action, the "allegations of the Defendants' refusal to pay the entire amount of Plaintiff's claim *** would fall within the statute as an action in which the amount of loss payable under a policy is in issue and would be preempted." (*Mazur*, 227 Ill. App. 3d at 789.) Similarly, Perfection Carpet in the present case cannot avoid the impact of preemption by section 155.

If there was a claim on behalf of Perfection Carpet, it would have to be under the Insurance Code. However, plaintiffs did not allege the statute in their complaint and did not attach the insurance contract which would form the basis of such action.

Even if Perfection Carpet had brought its complaint as a statutory cause of action under the Insurance Code, we do not mean to imply that there would be an action under section 155, because the damages for loss of business which the corporate plaintiff seeks are not direct damages which are compensable under the statute and are so highly speculative that it is doubtful that we would have allowed count I to stand.

■ Count II is also fatal because it alleges that there was a scheme to defraud Lederer and then seeks damages to persons or entities other than Lederer.

■ Count III asserts a breach of fiduciary relationship and plaintiffs rely for its validity upon cases which deal with situations where recovery at trial may exceed the policy limits established by the insurance policy issued by the defendant insurance carrier. Workers' compensation insurance policies are issued to cover all liability incurred under the Workers' Compensation Act rather than a stated amount with the possibility of excess liability. *Stevenson v. State Farm Fire & Casualty Co.* (1993), 257 Ill. App. 3d 179.

The individual plaintiffs, Follett and Lederer, have no standing as either a director or officer or shareholder or employee to bring the stated causes of action. They have no relationship with the defendant insurance company, have no privity of contract and cannot bring an action for an alleged wrong done to the corporation in this manner. A corporation is a legal entity, separate and distinct from its shareholders, officers and directors, and generally must sue or be sued in its own name. *E.g., Goulding v. Ag-Re-Co, Inc.* (1992), 233 Ill. App. 3d 867, 872, 599 N.E.2d 1094; *Sinquefield v. Sears Roebuck & Co.* (1991), 209 Ill. App. 3d 595, 597, 568 N.E.2d 325.

We reject plaintiffs' argument that employees should have standing in this case. Plaintiffs would have us create a cause of action on behalf of any employee for the failure of a workers' compensation carrier to pay another employee. Such proposition contravenes the purpose, the express language and the policy of the Workers' Compensation Act.

The purpose of the Workers' Compensation Act is to provide financial protection to workers for accidental injuries arising out of and in the course of employment. *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 462, 564 N.E.2d 1222.

The Workers' Compensation Act provides the exclusive remedy

for an injured employee under sections 5(a) and 11. (*Meerbrey*, 139 Ill. 2d at 462.) Section 5(a) of the Workers' Compensation Act provides that workers do not have a common law or statutory right to recover damages from their employer for an injury sustained while in the line of duty other than the compensation provided in the Act. (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a) (now codified at 820 ILCS 305/5 (West 1992)).) Section 11 of the Workers' Compensation Act states:

> "The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer *** for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act ***." Ill. Rev. Stat. 1989, ch. 48, par. 138.11 (now 820 ILCS 305/11 (West 1992)).

The Workers' Compensation Act, however, recognizes that under certain circumstances, such as those alleged in the instant complaint, additional compensation or penalties should be assessed against the insurance carrier.

Section 19(k) provides for the payment of penalties in the amount of 50% of the amount of compensation payable where "there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(k) (now 820 ILCS 305/19(k) (West 1992)).

Section 19(l) provides for additional compensation where "the employer or his insurance carrier shall without good and just cause fail, neglect, refuse or unreasonably delay the payment of weekly compensation benefits due to an injured employee during the period of temporary total disability." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(l) (now 820 ILCS 305/19(l) (West 1992)).

The Illinois Supreme Court explained sections 5(a) and 19(k) as follows:

> "Against an employer or its *insurer*, it [section 5(a)] requires exclusive resort to the workmen's compensation remedy for any 'injury' arising out of and in the course of the employment which is covered by a provision of the [Workers' Compensation] Act. [Citations.] Section 19(k) of the Act provides for the payment of penalties of 50% of the amount of compensation payable whenever 'there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which *** are merely frivolous or for delay' [citation]; this section, while applicable in cases of ordinary delay without justification [citations], is no less applicable to delay which is malicious. [Citation.] A common law action should not, without

other evidence of legislative intent, be held to survive the Act's exclusivity provisions merely because the remedy provided in the Act for the injury alleged applies to other kinds of injuries as well." (Emphasis added.) *Robertson v. Travelers Insurance Co.* (1983), 95 Ill. 2d 441, 447, 448 N.E.2d 866.

Plaintiff Lederer had a remedy under the Workers' Compensation Act, and at oral argument, counsel informed this panel that Lederer had made a settlement under the Workers' Compensation Act.

Plaintiffs' reliance on *National Surety* and *Salvator* is misplaced because these two cases are not applicable in any way to the case at bar. The *National Surety* case involved a situation where the corporate insured's annual premium was contingent upon the claims and losses of the prior year. Overpayment of workers' compensation benefits by the insurer automatically subjected "the insured to greater financial obligations in the form of increased premium rates." (*National Surety*, 213 Ill. App. 3d at 505.) The issue of overreserving and overpaying claims in *National Surety* has nothing to do with the issues presented in the case at bar.

In *Salvator*, the plaintiff, an independent truck driver, entered into an independent contractor agreement with the defendant trucking company which agreed to provide some insurance coverage to the plaintiff. Following a collision with another truck caused by the plaintiff's making an illegal turn, the defendant failed to defend the plaintiff or provide coverage. A default judgment was eventually entered, and when it remained unpaid, the plaintiff's driver's license was suspended. The *Salvator* court found that the trucking company defendant had a duty to settle the third-party claim and that section 155 of the Insurance Code did not preempt a common law complaint because the defendant was "not in the business of providing insurance." *Salvator*, 156 Ill. App. 3d at 948.

Unlike *Salvator*, the present case involves an insurance company governed by the Insurance Code and does not involve nonpayment of a default judgment. Moreover, in *Salvator* the defendant refused to defend and a judgment was thereafter entered against the plaintiff. No such allegation is made in the case at bar. Here, defendant did not deny coverage and plaintiffs did not allege that defendant was unwilling to pay any claim assessed against Perfection Carpet by reason of Lederer's claim. Even the damages in *Salvator* are less speculative since the law demands surrender of an operator's license when there is an unpaid judgment resulting from an auto accident. It is foreseeable that a truck driver will suffer special damages occasioned by the loss of his driving privileges.

Plaintiffs fundamentally argue that since Perfection Carpet was

a two-man operation, the impact of the injury sustained and the work time lost by Lederer caused the corporation to fail. The loss of Lederer in the business obviously cut in half the ability of the corporation to function, leaving only Follett to maintain the business in Lederer's absence. We need not speculate upon the myriad business options available to the business to weather this difficult period or whether other unsuccessful business decisions or strategies were the real cause of the failure of Perfection Carpet.

Plaintiffs are, in essence, attempting to transform workers' compensation insurance into keyman insurance, which is meant to protect the company when a key figure in the organization is absent. While we applaud plaintiffs' legal ingenuity, it is without precedent or any legal basis.

For all the foregoing reasons, we affirm the dismissal of plaintiffs' complaint.

Affirmed.

TULLY, P.J., and CERDA, J., concur.