OLD REPUBLIC INSURANCE
COMPANY, Plaintiff,

v.

CHUHAK & TECSON, P.C.,
et al., Defendants.

No. 95 C 4941.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 27, 1995.

See also, 906 F.Supp. 1173.

---

Steven Dale Pearson, Anne Lori Blume, Bates, Meckler, Bulger & Tilson, Chicago, IL, for Old Republic Insurance Company, a Pennsylvania corporation.

Alan R. Dolinko, Chuhak & Tecson, Chicago, IL, Thomas Wirt Hargrove, CNA Insurance Companies, Chicago, IL, for Chuhak & Tecson, P.C., an Illinois professional service corporation and Edwin I. Josephson.

Jeffrey M. Goldberg, Jeffrey M. Goldberg & Associates, Chicago, IL, Lawrence R. Kream, Jeffrey Goldberg & Associates, Chicago, IL, for Michael Kearns.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's November 2, 1995 memorandum opinion and order (the "Opinion"), as amended on November 8 to correct an inadvertent typographical error, granted the motion of defendants in which they had sought to prevail as a matter of law in this declaratory judgment action brought against them by Old Republic Insurance Company[1]—an effort by Old Republic to avoid having "either to defend or to indemnify Josephson against the claims that Kearns has made against Josephson in Circuit Court of Cook County Case No. 95 L 8773 ('1995 Kearns Action')" (Opinion at 1173–74). As the Opinion concluded, there was no question that Old Republic was obligated to *defend* the 1995 Kearns Action, although of course the very nature of the indemnification obligation under Old Republic's policy precluded the resolution of that issue until the underlying lawsuit is ultimately decided.

As Opinion at 1177 indicates, all that still remains for disposition in this action is the Chuhak Firm–Josephson counterclaim, which asks for a judgment against Old Republic under Illinois Insurance Code § 155(1) ("Code § 155(1)"), 215 ILCS 5/155(1):

In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $25,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company of-

---

1. This opinion will assume total familiarity with the Opinion, reported at 906 F.Supp. 1173. Accordingly there is no need to redefine any of the terms that were defined there, as to which this opinion will simply follow the Opinion's usage.

fered to pay in settlement of the claim prior to the action.

Now the parties have filed cross-motions for summary judgment in that respect and have filed their memoranda in support of their respective positions. Because they have (unsurprisingly) met each other head on, there is no need for further briefing, and this memorandum opinion and order can deal with the matter.

Although Old Republic splits the "Argument" section of its memorandum into four parts, the second of its contentions (an argument that the "totality of circumstances" controls the matter) really adds nothing substantive to the other three contentions. Thus Old Republic essentially advances these three arguments to resist the application of Code § 155(1):

1. Because Old Republic brought this action for declaratory judgment, it is automatically spared any potential liability under Code § 155(1) as a matter of law.

2. No statutory liability should be imposed on Old Republic because its refusal to defend had relied reasonably on the orders entered by this Court's colleague Honorable Charles Norgle in the prior litigation between the parties.

3. Because the issue facing Old Republic was one of first impression, so that a bona fide dispute existed as to its policy obligations, its conduct was neither vexatious nor unreasonable.

Under the statute the question whether Old Republic was indeed "vexatious and unreasonable" is for this Court to decide (*Horning Wire Corp. v. Home Indemnity Co.*, 8 F.3d 587, 590 (7th Cir.1993)). And because there are no disputed factual issues, this opinion can consider those contentions in turn as a matter of law.

### Institution of this Action

■ As Old Republic would have it, the very bringing of this declaratory judgment action takes the statute out of play. That contention obviously proves too much for at least two reasons.

First, the express language of Code § 155(1) torpedoes that argument, for the statute specifically covers not only actions against an insurance company but also "any action by ... a company" that places "in issue the liability of a company on a policy or policies of insurance ..."—the paradigmatic description of a declaratory judgment action of the type that Old Republic filed here. And Code § 155(1) then goes on to grant the court the right to apply the statute if "it appears to the court that *such action* " (emphasis added) is vexatious and unreasonable. Hence the Illinois General Assembly directly contemplated that an insurer's invocation of the declaratory judgment remedy could itself violate the statute if it were indeed "vexatious and unreasonable."

■ Second, any other reading of the statute would be absurd. Under Old Republic's view an insurance company could file an action disputing its obligation to defend its insured on the most frivolous of grounds, thus leaving its insured to shift for itself until the declaratory judgment action was dispatched—and the simple act of filing that action would then preclude the insured party from recovering the attorneys' fees that it was forced to expend in the interim in consequence of the insurer's bootless (and substantively groundless) lawsuit. None of the three cases cited by Old Republic at its Mem. 7–8 even begins to suggest anything of the sort.[2] So Old Republic's first contention, which attempts to assert an absolute immunity stemming from the very act of its having filed this lawsuit, is totally groundless. Instead the question remains whether Old Republic's having resisted the defense of the 1995 Kearns Action under all of the circumstances fits the statutory standards of vexatiousness and unreasonableness.

---

**2.** Of course those cases do establish that an insurer that does *not* file a declaratory judgment action (or does not alternatively follow the path of defending the underlying action under a reservation of rights) will be estopped from then asserting coverage defenses against the party insured. But nothing in that principle, or to be found elsewhere in the case law, excuses an insurer's vexatious and unreasonable *conduct* that consists of actually *filing* and then *pursuing* a declaratory judgment action against the insured.

### Reliance on Judge Norgle's Decision

Opinion at 1174 reflects that this Court had no need to sit in judgment (even if it were inclined or empowered to do so) on Judge Norgle's decision that Old Republic was not obligated to defend the *1991* Kearns Action. Instead this Court's decision that Old Republic had a duty to defend the new *and materially different* 1995 Kearns Action was wholly independent of Judge Norgle's decision (which is now on review in our Court of Appeals)—and because of that total independence, it is fair to treat the Opinion as having assumed that Judge Norgle's decision was correct and would be upheld on appeal.[3] In short, nothing in Judge Norgle's rulings on the 1991 Kearns Action impacted Old Republic's clear duty to defend the 1995 Kearns Action.

Hence Old Republic's purported reliance on Judge Norgle's decision as the predicate for its present refusal to defend amounts to leaning not on a weak reed but on a nonexistent one. Remember that in 1995 Kearns has filed a new complaint that (unlike the earlier complaint on which Judge Norgle ruled) *expressly* charges Josephson with malpractice for conduct committed (or omitted) *while he was a Chuhak Firm partner* and with having done so "as an agent and/or employee of the firm of Chuhak & Tecson" (1995 Kearns Complaint ¶ 42). When that suit was filed, Old Republic's position that it can somehow flout the unambiguous duty-to-defend provisions of its own policy based on Judge Norgle's earlier decision of a totally different question amounts—even if it could be assumed that Old Republic and its counsel could somehow urge that position in subjective good faith—to what our Court of Appeals has spoken of in the Fed.R.Civ.P.

("Rule") 11 context as "[a]n empty head but a pure heart" (*Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir.1986), quoted and followed in *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 932 (7th Cir.1989) (en banc)).[4]

It will be recalled that before Code § 155(1) was enacted, the only potential for imposing liability on an insurer for its violation of policy coverage provisions was a common law tort action charging the insurer with bad intent. As this Court said in an earlier consideration of Code § 155(1), *Evaluation Sys., Inc. v. Aetna Life Ins. Co.,* 555 F.Supp. 116, 121 (N.D.Ill.1982) (footnote omitted):

> Under the tort theory the insurer's bad intent is an essential component of its actionable conduct. *See Ledingham* [*v. Blue Cross Plan for Hosp. Care* ], 29 Ill.App.3d [339,] 345–46, 330 N.E.2d [540,] 545 [ (5th Dist.1975) ] (tort consists of "threatened and actual bad faith refusals to make payments under the policy, maliciously employed by [the insurer] in concert with false and threatening communications directed to [the beneficiary] for the purpose of causing him to surrender his policy or disadvantageously settle a non-existent dispute") (quoting *Fletcher v. Western National Life Insurance Co.,* 10 Cal.App.3d 376, 401, 89 Cal.Rptr. 78, 93 (1970)). By contrast Section 155 appears to focus on the objective reasonableness of the insurer's refusal to pay. Use of the word "unreasonable" itself suggests the applicability of an objective standard. As for "vexatious," it too is defined in Black's Law Dictionary (5th ed. 1979) as "Without reasonable or probable cause or excuse."[5]

This Court's examination of the Illinois cases since then has disclosed nothing to

---

**3.** If it were otherwise, of course, Old Republic's current duty to defend the 1995 Kearns Action would exist a fortiori.

**4.** That phrase, connoting the establishment of an objective rather than purely subjective standard, has also been adopted by the Notes of Advisory Committee on Rules covering the 1993 amendment to Rule 11.

**5.** [Footnote by this Court] It is worth noting that a federal counterpart of Code § 155(1) that employs the identical substantive standards of liability—28 U.S.C. § 1927, which imposes liability

for attorneys' fees on any lawyer who "multiplies the proceedings in any case unreasonably and vexatiously"—has been read by our Court of Appeals as establishing objective criteria entirely comparable to the standard under Rule 11 (*In re TCI Ltd.,* 769 F.2d 441, 445 (7th Cir.1985), authored by the same judge who wrote for the Court in *Thornton* and *Mars Steel* ). Although Code § 155(1) is of course a state rather than a federal statute, they share identical language and there would seem to be no reason to construe that language differently.

suggest the inappropriateness of such an objective standard. Indeed, *Verbaere v. Life Investors Ins. Co.*, 226 Ill.App.3d 289, 294–99, 168 Ill.Dec. 353, 356–59, 589 N.E.2d 753, 756–59 (1st Dist.1992) has specifically upheld statutory sanctions against an insurer that (as did Old Republic here) pursued "a plainly unreasonable interpretation of its policy"—a straight-out objective test. And cf. *Mazur v. Hunt*, 227 Ill.App.3d 785, 790–91, 169 Ill.Dec. 848, 852, 592 N.E.2d 335, 339 (1st Dist.1992) (which acknowledged this Court's holding in *Evaluation Sys.*, but held with entire propriety that an action that *does* allege bad faith is also within the scope of Code § 155(1)).

In sum, any *reasonable* analysis of the issue that was before Judge Norgle and of the wholly different issue that is posed by the 1995 Kearns Action should have led Old Republic to defend that later lawsuit without cavil. Its contrary position, which has forced Josephson and Chuhak Firm to litigate the issue here, was unreasonable by definition—and under the circumstances, was vexatious as well.

### Bona Fides of the Coverage Dispute

This third argument on Old Republic's part really comes down to a replay of the one just discussed. Old Republic, confronted as it was with a tendered defense by its insured law firm to a lawsuit that claimed one of the law firm's partners had committed legal malpractice at a time when his only lawyering activity was carried on *as* such a partner, cannot in objective good faith have taken the position that the malpractice was not "in connection with [Chuhak Firm's] practice of law"—which is the criterion for coverage of the claim under Old Republic's policy.

Old Republic Mem. 11 quotes a portion of Judge Norgle's opinion that spoke in dictum of Kearns not being a client of Chuhak Firm but only of Josephson individually. But as said before, Judge Norgle was dealing with different allegations under a different complaint than the allegations and the complaint

in the 1995 Kearns Action. Indeed, the whole point of Kearns' having brought that later action was obviously to set forth those dramatically different allegations that had *not* been the subject of Judge Norgle's decision as to the 1991 lawsuit.[6]

And so Old Republic's final argument suffers the same fate as the others. As with the substantive duty to defend decided in the Opinion, Chuhak Firm and Josephson prevail on their Counterclaim as a matter of law.

### Conclusion

There is no genuine issue of material fact as to the Chuhak Firm–Josephson Counterclaim, and they are entitled to a judgment as a matter of law. Old Republic's conduct in denying the claim for defense of the 1995 Kearns Action and in bringing this declaratory judgment action were vexatious and unreasonable and were therefore violative of 215 ILCS 5/155(1). That violation entitles Chuhak Firm and Josephson to a judgment for reasonable attorneys' fees and "other costs" as part of the taxable costs in this action. As for the amount of fees to be awarded, that determination can await a prompt and timely submission of an application for such fees by Chuhak Firm and Josephson without thereby disturbing the present finality of this Court's prior ruling and this one on the substantive issues in the case (*Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)).

Just a word should be said in passing about defendants' possible added remedy under Code § 155(1)—that represented by the statutory subsections (a), (b) and (c). Only the first two of those subsections are potentially implicated here, so the question is which of them produces a lower ceiling on any such remedy. In that respect, a plain reading of subsection (a) is that defendants are not yet entitled to recover *anything* from Old Republic "exclusive of costs," because

---

6. It is really ironic for Old Republic Mem. 6 n. 2 to speak of the 1995 Kearns Action as "a brazen attempt to 'plead around' Judge Norgle's decisions in *Old Republic I*." This Court of course neither makes nor implies any finding as to whether Kearns can *prove* what he has now

pleaded in his 1995 Action—but Illinois insurance law teaches emphatically that Old Republic (like this Court) must *accept* that pleading as truthful in determining Old Republic's duty to defend that action.

**1182**

Code § 155(1) itself expressly calls for attorneys' fees and other costs to be allowed "as part of the taxable costs" and because no other adverse consequences have flowed from Old Republic's conduct. That being so, subsection (a) places a zero limit on any other recovery against Old Republic, and by definition subsection (b) then becomes inapplicable.

To conclude the formal aspects of this action, this Court orders the entry of a judgment in favor of Chuhak Firm and Josephson and against Old Republic on the Counterclaim, awarding the prevailing parties their reasonable attorneys' fees and other costs as part of the taxable costs in this action (the precise amount of those fees and costs to be determined later). When coupled with the prior ruling that was embodied in the Opinion, that gives rise to a final judgment in this action.